**FILED**

**AUG 0 3 2012**

Stephanie, M Schroeder, *pro se*
P.O Box 442
Trego, MT 59934
Caliann18@yahoo.com

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### Missoula Division

| | |
|---|---|
| Stephanie M. Schroeder. , Pro Se' <br> Plaintiff, | Case No: 12 - 132 - M - DLC - JCL |
| V. | **Civil Rights Violation Complaint under the** <br> **Fair Credit Reporting Act** |
| BANK OF AMERICA,LLC. A/K/A FIA <br> CARD SERVICE N.A | **Trial By Jury Demanded** |
| Defendant. | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1. **Comes now** the Plaintiff Stephanie Schroeder:

2. Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* (FCRA)

3. At all times hereinafter mentioned, The Plaintiff is a resident of Flathead County, Montana. From here forward Stephanie Schroeder will be known as the Plaintiff.

### JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*          Page **1** of **13**

5. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b), and Local Rules 3.1 in that Plaintiff is domiciled in Flathead County, Montana.

6. The Defendant, Bank of America A/K.A FIA CARD SERVICES N.A, (BOA or Defendant) is a Credit Lender, and a furnisher of information as such is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq*. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis. The State of Montana abides by and adheres to these laws. Specifically the Fair Credit Reporting Act *15 USC §1681, et seq*

7. The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and failed to provide proof of the alleged account. Any wrongful actions of the Defendant in the credit reporting of the alleged account, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq*. Plaintiff reserves the right to amend his complaint as other Defendants become evident.

## PARTIES

8. Plaintiff is an individual consumer and is domiciled at 1275 Lion Mountain Drive Unit B, Whitefish, Montana.

9. Defendant is a national business that issues credit cards and is not registered to do business in Montana and has its headquarters at 100 N Tryon, St #220 Charlotte, NC 28202.

## PRELIMINARY STATEMENT

10. Plaintiff brings this action for damages based upon Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. 1681p et seq. ("FCRA"). Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report and for willful and negligent non-compliance.

11. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*          Page **2** of **13**

## **FACTS**

12. Defendant, in the course of its business, has and does engage in consumer reporting and obtaining of using credit reporting of consumers, for itself, for its subsidiaries, and affiliates, as well as collection and attempting to collect delinquent consumer debt and assigning purportedly delinquent consumer accounts for collection to debt collectors.

13. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

14. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

15. On or about May 1st, 2011 the Plaintiff requested copies of her credit report from the three national credit reporting agencies Trans Union, Experian and Equifax by the free services of www.annualcreditreport.com, February 20th, 2012 and again on April 12, 2012 through her credit monitoring service, enhanced identity theft protection. Upon review the Plaintiff found that the Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports. Upon inspection of the said credit report's the Plaintiff observed that Defendant listed on the Plaintiffs Experian, Equifax and Trans Union credit report indicating an account with them.

16. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt # 7009 3410 0001 0346 3119 on or about May 10th, 2011 (see **Exhibit A**) with receipt of said letter on or about May 17th, 2011 disputing the information in the Plaintiff's credit report.

17. The Plaintiff contacted Trans-Union services, LLC and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 1060

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*      Page **3** of **13**

0000 6109 6627 on May 16th, 2011 (see **Exhibit B**) and said letter was received on May 19th, 2011.

18. The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 1060 0000 6109 6634 on or about May 16th, 2011 (see **Exhibit C**) and said letter was received on or about May 19th, 2011.

19. The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 1060 0000 6109 6641 on May 16th, 2011 (see **Exhibit D**) and said letter was received on or about May 18th, 2011.

20. All three Credit Reporting Bureaus have not replied to Plaintiff, and have not marked the alleged account in dispute.

21. Defendant responded saying they could not be of services because there was not a valid account number.

22. Defendant's letter is non-responsive. Defendant is in Plaintiff's credit report, yet does not know who she is?

23. The Defendant has not indicated that Defendant has conducted a reasonable investigation of the disputed account.

24. The Defendant has indicated in Plaintiff's Experian trade line "status" as "charged off", "$13,183 written off" and $2,132 past due as of Jan 2009".

25. The Defendant has indicated in Plaintiff's Transunion trade line as "charged off" and "profit and loss write off".

26. The Defendant has indicated in Plaintiff's Equifax trade line "status" as "charged off or collections".

27. The Defendant has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since May 17th, 2011 in all three credit reporting bureaus the day it received Plaintiff's dispute. *See* **Exhibit** A.

28. Plaintiff sent a tort letter and a draft copy of this complaint via certified mail to the Defendant on March 20th, 2012, wherein Plaintiff gave Defendant 30 days to respond. Plaintiff has tried every way possible to resolve these issues outside of court but has

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*     Page **4** of **13**

received an amicable response from Defendant, thus leaving plaintiff with no option other than to bring this case before this honorable court.

29. The derogatory, erroneous and inaccurate information still remains on the Plaintiff's credit report to this date. Plaintiff has requested conformation and disputed this alleged account

30. Plaintiff has applied for and has been denied various loans on many different occasions, and Plaintiff has been informed that the basis for these denials has to do with Plaintiff dissimulation of information being purported as true and correct.

31. Plaintiff's credit reports and file have been obtained from Experian, Equifax and Transunion with the Defendants information and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the favorable terms in financing and low interest rates as this is reflected in ones score.

32. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, known and unknown losses and expenses.

33. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

34. The Defendant caused these damages to Plaintiff by violating the Fair Credit Reporting Act [15 U.S.C §1681s-2] *et seq.* As Follows:

   A. Failure to inform the National Credit Reporting agencies that the alleged account is in dispute and failing to do so for over (350) days.

   B. Continually updating the Plaintiff's credit report with erroneous and inaccurate information for eleven (11) months.

   C. Violations of Montana Consumer Protection Act.

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*       Page 5 of 13

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

36. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## Count I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

37. Plaintiff restates and reiterates herein all previous paragraphs.

38. At all times pertinent hereto, Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

39. According to the FCRA §§623,616,617, responsibilities and liabilities of furnishers of information to consumer reporting agencies [15 U.S.C §§ 1681s-2, 1681n,1681o]:

> (a) Duty of furnishers of information to provide accurate information
> (1) Prohibition
> (A) Reporting information with actual knowledge of errors
> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
> (B) Reporting information after notice and confirmation of errors
> A person shall not furnish information relating to a consumer to any consumer reporting agency if—
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
> (ii) the information is, in fact, inaccurate. .
> (2) Duty to correct and update information
> A person who—
> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
> shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.
> (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*          Page **6** of **13**

disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute
(1) In general
After receiving notice pursuant to section §1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.
(2) Deadline
A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

40. The information from Bank of America on the Experian, Equifax and Transunion credit report does not reflect that the information is disputed by the consumer.

41. **According to the Civil liability for willful noncompliance [15 U.S.C. § 1681n]**(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*        Page **7** of **13**

fees as determined by the court.

42. Plaintiff demands judgment in the amount of $33,000.00. This is based on every month that the Defendant violated the FCRA (Eleven months) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations by updating Plaintiff's credit report with erroneous and inaccurate information.

## Count II against the Defendant under FCRA

43. Plaintiff restates and reiterates herein all previous paragraphs.

44. According to the FCRA §§623,616,617, responsibilities and liabilities of furnishers of information to consumer reporting agencies [15 U.S.C §§ 1681s-2, 1681n,1681o]:

> (a) Duty of furnishers of information to provide accurate information
> (1) Prohibition
> (A) Reporting information with actual knowledge of errors
> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
> (B) Reporting information after notice and confirmation of errors
> A person shall not furnish information relating to a consumer to any consumer reporting agency if—
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
> (ii) the information is, in fact, inaccurate. .
> (2) Duty to correct and update information
> A person who—
> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
> shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.
> (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*        Page **8** of **13**

(b) Duties of <u>furnishers</u> of information upon notice of dispute

(1) In general.After receiving notice pursuant to section §1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

45. Plaintiff demands judgment in the amount of $1,050,000.00. This is based on every day that the Defendant violated the FCRA (three hundred and fifty days) by willfully failing to comply with the requirements imposed under the FCRA,  times $1000.00, times three for each one of the three national credit reporting bureaus.  This is allowed for every day that the Defendant willfully fails to comply with the FCRA and its regulations by failing to report that Plaintiff's credit reports are in dispute.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACTS

46. Plaintiff restates and reiterates herein all previous paragraphs.

47. Plaintiff has notified Defendant by certified mail that the Plaintiff disputes the inaccurate information.

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*      Page **9** of **13**

48. According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. §1681o](a) **In general** Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

49. Plaintiff has a negative Experian credit score of 621 as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant. Plaintiff has suffered injury in the form of Defamation of character

50. THEREFORE, Plaintiff demands judgment for actual damages in the amount of $50,000.00. This is based on every month that the Defendant violated the FCRA (ten months) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus. This is allowed for every month that the Defendant negligently failed to update the report by marking the alleged account in dispute.

## Count IV against the Defendant under FCRA

51. Plaintiff restates and reiterates herein all previous paragraphs.

52. The Defendant BOA has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Defendant has not provided proof of any alleged account from May 17th, 2011 and through today in all three credit reporting bureaus. Defendant has failed to indicate that the alleged account is in dispute.

53. **Failure to mark the account in dispute**

54. **According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies; 15 U.S.C §1681S-2**

(a) Duty of furnishers of information to provide accurate information.
(1) Prohibition.
(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.
(B) Reporting information after notice and confirmation of errors. A person shall not

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*        Page **10** of **13**

furnish information relating to a consumer to any consumer-reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

55. Plaintiff has notified Defendant by certified mail that the Plaintiff disputes the inaccurate information.

56. According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. §1681o](a) **In general** Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

57. Plaintiff has a negative Experian credit score of 621 as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant. Plaintiff has suffered injury in the form of Defamation of character

58. The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to the Defendant and to date the Defendant has not responded.

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*        Page **11** of **13**

59. THEREFORE, Plaintiff demands judgment for actual damages in the amount of $100,000.00. Based on the Defendants negligence of failing to mark the account in dispute , for all three national credit bureaus. The Defendant has broken the FCRA by updating the reports each day without marking the alleged account in dispute.

## COUNT V: Violations of the MONTANA CONSUMER PROTECTION ACT.

60. Plaintiff restates and reiterates herein all previous paragraphs.

61. The Montana Consumer Protection Act, § 30-14-101 *et seq,* MCA, prohibits unfair or deceptive acts or practices.

62. The Defendants unfair or deceptive acts or practices in this case includes, but are not limited to: their inaccurate reporting of the disputed account on Plaintiff's credit report; their refusals to conduct a reasonable investigation and correct the inaccurate information being reported on Plaintiff's credit reports; and their continuing, ongoing, willful and intentional efforts to damage Plaintiff's credit.

63. WHEREFORE, Pursuant to §30-14-133, MCA, Plaintiff Demands $50,000 in actual damages, $150,000 in treble damages and attorney fees.

### Summation

64. Plaintiff has disputed the alleged accounts with the Defendant and the Credit Reporting Agencies in a timely manner. And therefore the Defendant is now reporting erroneous and inaccurate information on the Plaintiff's credit reports and the Defendant has failed to provide proof of the account as requested by the Plaintiff. The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inaction's of the Defendant. Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

65. **WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $1,433,000.00 plus all costs of this action along with punitive damages in the amount of $50,000.00, for their violations of FCRA, reasonable

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*      Page **12** of 13

attorney fees, if and when Plaintiff decides to hire one, and any and all other damages the court deems permissible.

66. **Further, JURY TRIAL** is demanded.

67. Further, Plaintiff reserves the right to amend this complaint after discovery if more violations are found.

Respectfully submitted this ___2___ Day of _Aug_, 2012.

/s/ Stephenie M. Schroeder

Stephanie, M Schroeder
P.O Box 442
Trego, MT 59934
Caliann18@yahoo.com

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Complaint for Violations of the
Fair Credit Reporting Act
*Schroeder v. BANK OF AMERICA*          Page **13** of **13**