IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

STEPHANIE M. SCHROEDER,

                    Plaintiff,

vs.

BANK OF AMERICA, LLC, also
known as FIA CARD SERVICE NA,

                    Defendant.

CV 12-132-M-DLC-JCL

ORDER

_____

The Court previously granted Plaintiff Stephanie Schroeder's application to proceed in forma pauperis under authority of 28 U.S.C. § 1915(a). Schroeder is proceeding pro se in this action.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal–
>         (I) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or

>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court has reviewed Schroeder's Complaint to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9 Cir. 2005). The Court finds that at this stage of these proceedings her allegations at least state a claim upon which relief could be granted under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. The Act imposes civil liability upon a defendant for failing to comply with the Act. *See* 15 U.S.C. §§ 1681n, 1681o and 1681p. Therefore, the Court will order that Schroeder's Complaint be served on Defendant.

Because Schroeder is proceeding in forma pauperis, she is entitled to have her Complaint and summons served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Schroeder is obligated to provide the Court with an appropriate address for service on Defendant. *See Pullano v. Clark Co. Detention Ctr.*, 2010 WL 4272871, *2 (D. Nev. 2010).

Therefore, IT IS HEREBY ORDERED that on or before **November 16, 2012,** Schroeder shall file a notice which provides the Court with an appropriate address for service on Defendant in this action. For a corporation, partnership or

association, the address must be for "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii) and 4(h)(1)(B).

At all times during the pendency of this action, Schroeder shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Schroeder is also advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) sua sponte under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 23rd day of October, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge