DANIELLE A. R. COFFMAN
CROWLEY FLECK PLLP
1667 Whitefish Stage, Suite 101
P. O. Box 759
Kalispell, MT  59903-0759
Telephone:  (406) 752-6644
Facsimile:   (406) 752-5108
dcoffman@crowleyfleck.com

*Attorneys for Defendant FIA Card Services, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Stephanie M. Schroeder,<br><br>  Plaintiff,<br><br>  vs.<br><br>Bank of America, LLC. A/K/A FIA Card Services, N.A.;<br><br>  Defendant. | Case No.: 9:12-CV-00132-DLC-JCL<br><br>**DEFENDANT FIA CARD SERVICES, N.A.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

## I. INTRODUCTION

Plaintiff Stephanie Schroeder's ("Plaintiff") Complaint against defendant FIA Card Services, N.A. ("FIA") (also erroneously sued as "Bank of America, LLC") is a futile attempt to relieve herself of over thirteen thousand dollars ($13,000) of credit card debt that she incurred over a span of four years.  Plaintiff's Complaint is predicated upon two allegations:  (1) that FIA inaccurately reported

to credit bureaus that Plaintiff is liable for a credit card account with FIA; and (2) that FIA failed to notify the credit bureaus that Plaintiff disputed the debt. Based on these allegations, Plaintiff appears to assert three causes of action against FIA: (1) violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a); (2) violation of the FCRA, 15 U.S.C. § 1681s-2(b); and (3) violation of the Montana Consumer Protection Act ("MCA"), MCA § 30-14-101 *et seq*. Each of Plaintiff's claims fail as a matter of law. [1]

Importantly, FIA cannot be liable under any provision of the FCRA for reporting inaccurate information to credit bureaus about her credit card account because the Montana Eleventh Judicial District Court, Flathead County, already ruled that Plaintiff is liable for the entire debt due on the account. As such, the doctrine of collateral estoppel precludes Plaintiff's contention that she is not liable for the credit card account or that FIA reported inaccurate information about the account. Moreover, Plaintiff's claim under Section 1681s-2(a) of the FCRA fails as a matter of law because Section 1681s-2(a) does not provide Plaintiff with a private right of action to sue under that subdivision of the FCRA. To the extent Plaintiff asserts a claim under Section 1681s-2(b) of the FCRA, such claim also

---

[1] Counts I through IV of the Complaint merely parrot the language of Section 1681s-2 subdivisions (a) and (b) of the FCRA. As such, in Counts I through IV, it appears that Plaintiff is alleging violations of Section 1681s-2 subdivisions (a) and (b) of the FCRA. By addressing Section 1681s-2 subdivisions (a)-(b), FIA's Motion to Dismiss challenges Counts I-IV of Plaintiff's Complaint.

fails because – as the Montana Eleventh Judicial District Court's judgment established – Plaintiff is liable for the account, so FIA did not report any inaccurate information.

Plaintiff's second cause of action under the Montana CPA is preempted by the FCRA. It is well settled that state law claims governing credit furnishers' credit reporting conduct is preempted as a matter of law. Because Plaintiff's CPA claim arises from FIA's alleged credit reporting activity, conduct which is regulated exclusively by the FCRA, it is preempted.

Accordingly, FIA respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

## II.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff claims that FIA, a credit furnisher, reported "erroneous and inaccurate information" to credit bureaus with respect a FIA credit card account (the "Account") on the ground that she is not liable for the Account. Compl. ¶¶ 13-14. She also alleges that FIA failed to notify the credit bureaus that she disputed the debt owed on the Account. *Id.* at 40.

On May 2, 2011, the Montana Eleventh Judicial District Court, Flathead County, entered judgment against Plaintiff in a prior collection lawsuit filed by FIA for the amount due on the Account. *See* Request for Judicial Notice ("RJN"), Exh. A. There the court entered judgment in favor of FIA for the amount of

thirteen-thousand, four-hundred, thirty-eight dollars, and eighty-seven cents ($13,438.87). *Id.* Based on FIA's summary judgment motion and supporting documents, the Montana Eleventh Judicial District Court found that there was "no genuine issue as to any material fact" that Plaintiff owed the debt on the Account, and therefore granted FIA judgment as a matter of law. *Id.*

Against this backdrop, Plaintiff assert that FIA is liable for violation of the federal FCRA and the Montana MCA and seeks damages in the amount of $1,050,000.00. As set forth below, each claim against FIA must fail.

### III.  LEGAL ARGUMENTS

#### A.  Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level." *See Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65 (2007); *Century 21, LLC v. Dague*, 2009 U.S. Dist. LEXIS 22333, at *5-6 (D. Nev. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions[.]" *Twombley*, 127 S. Ct. at 1964-65. (internal quotation marks omitted). Indeed, a formulaic recitation of the elements of a claim is insufficient to withstand a motion to dismiss. *Id.*

In addition to the allegations contained in the complaint, a court may consider information that may be judicially noticed. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### B. Plaintiff's FCRA Claims Fail As A Matter Of Law

#### 1. Section 1681s-2(a) Of The FCRA Does Not Provide For A Private Right Of Action

In Counts I through IV, Plaintiff alleges FIA negligently and willfully violated Section 1681s-2(a) of the FCRA by reporting inaccurate information to credit bureaus and failing to notify the credit bureaus that Plaintiff disputed the Account. Compl. ¶¶ 37-59. Section 1681s-2(a) "imposes a duty on 'furnishers of information' to provide accurate information to consumer reporting agencies" and a "[d]uty to provide notice of dispute . . . [i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed[.]" 15 U.S.C. § 1681s-2(a)(1)(A), (a)(3). Notably, however, Subdivision (a) of Section 1681s-2 does *not* provide consumers a private right of action to seek relief under its provisions. *See, e.g., Gorman v. Wolpoff & Abramson, LLP*, 584

F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies[.]"); *Townsend v. Bank of America, N.A.*, 2011 WL 3267299, at 1 (9th Cir. 2011) ("The district court properly dismissed the FCRA claims because there is no private right of action under 15 U.S.C. § 1681s–2(a)"). Only specified federal and state agencies may enforce Section 1681s-2(a). 15 U.S.C. § 1681s-2(d).

Here, Plaintiff alleges that FIA violated Section 1681s-2(a) of the FCRA by reporting inaccurate credit information about the Account and failing to notify credit bureaus that Plaintiffs disputed the Account. Compl. ¶ 34. Because Section 1681s-2(a) does not provide for a private right of action, Plaintiff's FCRA claim fails as a matter of law.

### 2. Plaintiff's Claim Under Section 1681s-2(b) Of The FCRA Fails As A Matter Of Law Because FIA Did Not Report Any Inaccurate Information

To the extent Plaintiff asserts a claim under Section 1681s-2(b), such claim also fails as a matter of law because FIA did not report any inaccurate information. Section 1681s-2(b) provides that after receiving a notice of dispute from a credit bureau "with regard to the completeness or accuracy of any [credit] information," a credit furnisher must review all relevant information provided by the credit bureau, conduct a "reasonable" investigation, and report the results of its investigation to

the credit bureau.  15 U.S.C. § 1681s-2(b)(1);  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th Cir. 2009).

In order to plead a claim under the FCRA for furnishing inaccurate credit information, a plaintiff must allege facts sufficient to establish a prima facie case that the defendant in fact furnished inaccurate credit information.  *Mortimer v. JP Morgan Chase Bank, N.A.*, 2012, WL 3155563 (N.D. Cal. August 2, 2012) ("This [FCRA] claim is insufficiently alleged because [the plaintiff] has not asserted that [the bank] reported incomplete or inaccurate information in the first place."); *Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1096 (N.D. Cal. 2008) ("While neither the FCRA nor the CCRAA requires on its face that a disputed credit entry contain inaccurate information, a majority of courts interpreting [the FCRA] have adopted such a requirement in light of the FCRA' s purpose, which is to protect consumers against the compilation and dissemination of inaccurate credit information."); *Gonzalez v. Experian Info. Solutions, Inc.*, 2005 WL 925657, at *2 (D. Utah 2005) ("In order to state a prima facie case for a violation of the FCRA, Plaintiffs must establish that Defendants reported inaccurate credit information."); *see Dickens v. Trans Union Corp.*, 18 Fed. Appx. 315, 317 (6th Cir. 2001) (noting that a showing of inaccuracy is a required element of a claim based on inaccurate credit reporting under the FCRA); *see also* 15 U.S.C. § 1681s-2(b)(1)(E) (addressing a furnisher's duty to correct "inaccurate"

credit information).

Here, Plaintiff cannot allege facts sufficient to establish a prima facie case that FIA in fact furnished inaccurate credit information. In the Complaint, Plaintiff asserts that FIA has inaccurately reported the Account on her credit reports although she "denies ever having any contractual agreement for credit[.]" Compl. ¶¶ 13. However, on May 2, 2011, the Montana Eleventh Judicial District Court, Flathead County, entered judgment against Plaintiff in a prior collection lawsuit filed by FIA for the amount due on the Account. Req. for Jud. Not., Exh. A. Therefore, it is indisputable that Plaintiff is liable for the Account and that FIA has not reported inaccurate information about the Account. Accordingly, to the extent Plaintiff asserts a claim under Section 1681s-2(b) of the FCRA, it fails as a matter of law.

### a.  The Doctrine Of Collateral Estoppel Bars Plaintiff's FCRA Claim Because She Has Been Held To Be Liable For The Account

The collateral estoppel doctrine bars Plaintiff's claim that FIA reported inaccurate credit information. Because the Montana Eleventh Judicial District Court already ruled that Plaintiff is liable for the Account, it is indisputable that any alleged wrongful reporting is accurate. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision

may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *See, e.g.*, *Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir. 1995). "Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). "Under Montana law, 'collateral estoppel bars the reopening of an issue in a second cause of action that has been litigated and determined in a prior suit.' The doctrine of collateral estoppel consists of three elements: '(1) the identical issue raised has been previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; and (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication.'" *Giebel v. Sylvester,* 5 Fed.Appx. 622, 624 (9th Cir. 2001). Here, because all three elements are satisfied, Plaintiff is precluded from arguing that FIA inaccurately reported she is liable for the Account.

     **(1) The Issue Of Whether Plaintiff Is Liable For The Account Was Already Litigated In Montana State Court**

  Plaintiff allege that FIA is liable under the FCRA for inaccurately reporting to the credit bureaus that she is liable for the Account. On May 2, 2011, at the

hearing on FIA's summary judgment motion, based on "the pleadings and admissions on file in [the] action together with the affidavits submitted in support thereof," the court ruled in favor of FIA and found Plaintiff is liable for the Account.

### (2) The First Proceeding Ended With A Final Judgment On The Merits In Favor Of FIA

On May 2, 2011, the Flathead County court entered judgment in favor of FIA and against Plaintiff for the full balance due on the Account. The court entered judgment for the amount of $13,438.87, finding that there was "no genuine issue as to any material fact" that Plaintiff owed the debt on the Account, and thereby granted FIA judgment as a matter of law.

### (3) Plaintiff Was A Party In The Prior Action

Plaintiff was a defendant in prior state court lawsuit. Accordingly, collateral estoppel bars Plaintiff's claim that FIA violated the FCRA by reporting that she is liable for the Account. Because Plaintiff cannot allege facts sufficient to establish a prima facie case that FIA furnished inaccurate credit information, her FCRA claim must end here.

### C. Plaintiff's Fifth Cause Of Action Under the Montana Consumer Protection Act Is Preempted By The FCRA

#### 1. The FCRA Preempts State Statutory And Common Law Claims Relating To Credit Reporting

Plaintiff also alleges that FIA violated Montana Consumer Protection Act section 30-14-101 *et seq.* (the "MCA") for "inaccurate reporting of the disputed account on Plaintiff's credit report[.]"  Compl. ¶ 62.  Because Plaintiff's MCA claim arises from FIA's alleged credit reporting activity, conduct which is regulated exclusively by the FCRA, it is preempted.  "Through the FCRA, Congress has established a scheme of uniform requirements regulating the use, collection and sharing of consumer credit information." *Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1178 (E.D. Cal. 2005).  "In order to maintain this uniformity, Congress included express preemption clauses in the FCRA relating to various aspects of consumer credit reporting." *Id.*  Among the claims expressly preempted are any state law claims regulating credit information furnishers which relate to activity governed by section 1681s-2 of the FCRA.  *See* 15 U.S.C. § 1681t(b)(1)(F).  Specifically, section 1681t(b)(1)(F)(ii) states:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to *any subject matter* regulated under . . . *section 1681s-2*, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]

15 U.S.C. § 1681t(b)(1)(F) (emphasis added).  Section 1681s-2 governs credit furnishers' "reporting [of] information with actual knowledge of errors" and their investigatory duties upon receiving notice of a dispute from a credit bureau.  15 U.S.C. § 1681s-2(a)-(b).

Courts interpreting and applying the FCRA's preemption provisions have consistently held that the FCRA bars virtually all state claims which, as here, arise out of credit information furnishing activity.

- *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 888-89 (9th Cir. 2010) (holding that state statute, which requires furnishers who receive notice of a dispute to complete an investigation, is preempted by the FCRA);

- *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005) ("The plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting.");

- *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 429 (S.D.N.Y. 2010) ("Plaintiffs' state common law claims are preempted by § 1681t(b)(1)(F) because, as the Second Circuit explained in *Premium Mortgage,* preemption of any state law 'requirement or prohibition' includes both statutory and common law claims.").

Indeed, "it appears that Congress intended the FCRA to be the sole remedy against these furnishers." *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (N.D. Cal. 2005) (granting defendant's motion to dismiss plaintiff's California unfair competition law claim based on unlawful credit reporting).

Similar to the facts of this case, in *Howard v. Blue Ridge Bank*, 371 F. Supp.2d 1139 (N.D. Cal. 2005), the court held the FCRA preempted the plaintiff's statutory unfair competition law claim. The plaintiff's claims stemmed from allegedly inaccurate and adverse information furnished to credit reporting agencies. *Id.* at 1142. Specifically, he argued that the statute "is not preempted because it is not inconsistent with the FCRA and merely provides an additional state remedy for the unlawful conduct giving rise to the FCRA claim." *Id.* at 1143. The court rejected the plaintiff's argument. Explaining that "Congress intended the FCRA to be the sole remedy against these furnishers," the court concluded:

> The plain meaning of section 1681t(b)(1)(F) [] expresses Congress's intent to preclude state law claims against furnishers of information, and instead to subject them solely to the FCRA. [] Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit.

*Id.* at 1143-44.

Discussing the broad the reach of the FCRA's preemption provision, in *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124 (S.D. Cal. 2005) the court held the

FCRA preempted the plaintiff's claims under the state's fair debt collection practices statute. There, the plaintiff alleged that the defendant violated the state debt collection statute by failing to notify credit reporting agencies that he disputed the debt at issue, and failing to correct the erroneous information. *Id.* at 1130. The court determined that the statutory claims related to the responsibilities of credit furnishers as governed by Section 1681s–2. *Id.* at 1130. As a result, the court rejected the plaintiff's argument that, because the FCRA regulates the reporting of credit information while the statute regulates the collection of debts, the FCRA could not preempt his state unlawful debt collection claims. It explained:

> Statutes that do not overtly regulate credit reporting may still have the effect of regulating that area. The plain language of section 1681t(b)(1)(F) clearly **eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting.** To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action. All of the [statutory] claims in this case are preempted by the FCRA because they pertain to Defendant's reporting of or failure to report certain information about Plaintiff. [] The claims clearly relate "to the responsibilities of persons who furnish information to consumer reporting agencies."

*Id.* at 1130 (emphasis added).

Similarly, in *Buraye v. Equifax*, the plaintiff consumer asserted various state statutory and common law claims, including negligence and defamation, based on the allegation that the defendant credit furnisher reported "wildly untrue,

unverified and grossly negligent erroneous information" to credit bureaus. *Buraye v. Equifax*, 625 F. Supp. 2d 894, 896 (C.D. Cal. 2008).  In its motion for judgment on the pleadings, the defendant credit furnisher argued that the plaintiff's negligence and defamation claims were preempted by the FCRA.  Following a detailed history of the FCRA's preemption provision, the court held these state claims were preempted:

> Based on the plain language of § 1681t(b)(1)(F), the court concludes that [the plaintiff's] state law negligence and defamation claims are preempted by the FCRA.  The allegations in [the plaintiff's] complaint clearly implicate the subject matter of § 1681s-2.  As noted, [the plaintiff] alleges that [the defendant] furnished inaccurate information to credit reporting agencies Equifax and Transunion.  This claim falls directly within provisions of the statute that prohibit furnishers of information from reporting inaccurate information.  Consequently, the court dismisses [the plaintiff's] common law negligence and defamation claims as preempted by § 1681t(b)(1)(F) of the FCRA.

*Id.* at 900-01.

More recently, the federal Second Circuit Court of Appeals in *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011) held that the plaintiff's intentional infliction of emotional distress and *willful* defamation claims were preempted by the FCRA.  The plaintiff there alleged that the defendant "willfully and maliciously provided false information" to credit bureaus and argued that the FCRA did not preempt tort claims based on willful credit reporting conduct. *Id.* at 47-48.  Based on a detailed analysis of the statutory language and legislative intent,

the court disagreed, holding that Section 1681t(b)(1)(F) "read literally . . . bars [the plaintiff's] state law tort claims." *Id.*

Here, Plaintiff's MCA claim is based on allegation that FIA reported inaccurate information about his Account and failed to correct that information. Compl., ¶ 62. Because the FCRA alone governs the duties of furnishers and the remedies available against them, this state law claim is preempted by Section 1681t of the FCRA as a matter of law and should be dismissed with prejudice and without leave to amend.

## IV.    CONCLUSION

Based on the foregoing, FIA respectfully requests that this Court dismiss Plaintiff's Complaint FIA with prejudice.

    CROWLEY FLECK, PLLP

    By  /s/ Danielle A. R. Coffman

      DANIELLE A. R. COFFMAN
      P.O. Box 759
      Kalispell, MT 59903-0759

    Attorneys for  FIA Card Services, N.A.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies this Brief complies with LR 7.1(d)(2)(B). This brief contains 3426 words, excluding the caption and the Certificate of Compliance. The word count function of the word-processing system used to prepare this brief was relied upon in this calculation.

                                                CROWLEY FLECK PLLC

                                                By:  /s/ Danielle A. R. Coffman
                                                    DANIELLE A. R. COFFMAN
                                                    P. O. Box 759
                                                    Kalispell, MT  59903-0759
                                                    Telephone:  (406) 752-6644
                                                    Facsimile:   (406) 752-5108
                                                    dcoffman@crowleyfleck.com