# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

STEPHANIE M. SCHROEDER,

                Plaintiff,

vs.

BANK OF AMERICA, LLC, also
known as FIA CARD SERVICE NA,

                Defendant.

CV 12-132-M-DLC-JCL

ORDER

_____

A preliminary pretrial conference in this case was held on January 22, 2013, in Missoula, Montana. Plaintiff participated in the conference as a pro se litigant, and Defendant was represented by Danielle Coffman. After discussion and upon the agreement of the parties, the following order is entered:

**1.** The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Deadline for Amending Pleadings: | April 1, 2013 |
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | July 15, 2013 |
| Disclosure of Defendant's Damages Experts: | August 15, 2013 |
| Discovery Deadline: | September 27, 2013 |

| | |
|---|---|
| Motions Deadline (fully briefed): | October 28, 2013 |
| Attorney Conference to Prepare Final Pretrial Order: | Week of December 16, 2013 |
| E-file Final Pretrial Order, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs and e-mail to dlc_propord@mtd.uscourts.gov (Trial Briefs are optional): | January 2, 2014 |
| Notice to Court Reporter of Intent to Use Real-Time: | January 2, 2014 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | January 2, 2014 |
| Notice to Clerk's office of intent to use JERS (see ¶ 18): | January 2, 2014 |
| Final Pretrial Conference: | January 8, 2014, at 2:30 p.m. Missoula, Montana |
| Jury Trial (7-member jury): | January 21, 2014, at 8:30 a.m.[1] Missoula, Montana |

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**Continuance of the above deadlines will not be granted, absent compelling reasons.**  A continuance of any deadline set by this order does not extend any other deadline, particularly the motions deadline or trial deadline.

**IT IS FURTHER ORDERED:**

**2. Local Rules and Electronic Filing**.  Parties are advised that revised Local Rules for the District of Montana became effective January 1, 2012, and apply in all cases pending when changes become effective.  In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  All counsel must show cause if they are not filing electronically.  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  See also L.R. 1.4.

**3. Service by E-Mail for Parties Not Filing Electronically**.  Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing.  See L.R. 1.4(c)(3).

**4. Stipulations**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the following facts are admitted and agreed upon:

    a.    Plaintiff opened the credit card account at issue and is liable for the underlying debt.

    b.    A judgment was obtained in Flathead County in connection with the credit card account at issue on May 2, 2011 in the amount of $13,438.87.

**5. Discovery Exhibits**.  <u>During discovery, the exhibits shall be numbered seriatim.</u>  Numbers used for exhibits during discovery shall be identically used at trial.

**6. Foundation & authenticity of discovery items**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery.  If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production.  This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial.  All other objections are reserved for trial.

**7. Supplementation of Discovery Responses**.  Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

8. **Expert Disclosure**.

   (a) Retained or Specially Employed

   Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B).  Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be made within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived.  <u>An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed</u>.  In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

   (b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(B), a party must serve a disclosure, identifying the evidence and stating:

> (I) the subject matter on which the witness is expected to present evidence under Fed. R. Civ. Evid. 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

**9. Rebuttal Experts**. Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

**10. Supplementation of Incomplete or Incorrect Expert Reports**. Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u>

or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**11. Motions**.  Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph one.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court.

**12. Unopposed Motions.**  Unopposed motions shall be accompanied by a proposed order, separate from the motion.  The proposed order shall be a Word Perfect document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order.  The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to dlc_propord@mtd.uscourts.gov.  Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**13. Hearings & Oral Arguments**.  Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**14. Number of Jurors and Length of Trial**.  Trial of this case shall be conducted in Missoula, Montana before a jury of 7 persons.

**15. Attorney Conference for Trial Preparation**.  If the case does not settle, counsel for the plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.5(b).  The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(I)-(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  See generally Forms D, E, and F, Local Rules Appendix C.

**16. Trial Exhibits**.

(a)    Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b)    Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party

expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

    (c)    Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

    (d)    Each exhibit must be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

    (e)    Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits. The paper copy shall be formatted as described in (b), above. The electronic files and paper copy shall be delivered to the chambers of Judge Dana L. Christensen on or before the date of the final pretrial conference.

    (f)    <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

**17. Jury Evidence Recording System (JERS)**. The parties shall be prepared to use the Jury Evidence Recording System (JERS). JERS is available through the court. It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations. Detailed information about how to use JERS, including contact information for District personnel who can explain

further, is found on the Court's website,  http://www.mtd.uscourts.gov/ under the heading "Attorneys."  Parties must contact the Clerk's office for technical assistance for the use of JERS by the time of the Final Pretrial Conference in the case and in no event less than two weeks before trial.

**18. Final Pretrial Order**.  The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word Perfect format to dlc_propord@mtd.uscourts.gov.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**19. Final Pretrial Conference**.  Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1.  Each party should bring Judge Christensen's copy of its trial exhibits if a copy has not already been delivered to chambers.

**20. Trial Briefs**.  Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 1.

**21. Jury Instructions**.

    (a)    The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions).  If necessary, each party may also prepare a set

of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

    (b)  <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>:  By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in WordPerfect format to dlc_propord@mtd.uscourts.gov.  If the documents are filed conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

    (c)  <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in WordPerfect format to dlc_propord@mtd.uscourts.gov.

(d) <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to dlc_propord@mtd.uscourts.gov.

**22. Format of Jury Instructions.**

    (a)    The <u>clean copy</u> shall contain:

        (1)    a heading reading "Instruction No. ___", and

        (2)    the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (1)    a heading reading "Instruction No. __",

        (2)    the text of the instruction,

        (3)    the number of the proposed instruction,

        (4)    the legal authority for the instruction, and

        (5)    the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)    Jury instructions shall be prepared in 14-point Times New Roman font.

**23. Settling of Instructions.** The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**24. Calling Witnesses At Trial.**

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document, see Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken

d) a listing of each exhibit to which the witness may refer during direct examination.

Dated this 22nd day of January, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge