IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

STEPHANIE M. SCHROEDER,

CV 12-132-M-DLC-JCL

Plaintiff,

vs.

FINDINGS &
RECOMMENDATION

BANK OF AMERICA, LLC, also
known as FIA CARD SERVICES NA,

Defendant.

_____

I.      **Introduction**

Plaintiff Stephanie M. Schroder advances a false-reporting claim under the

Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) against Defendant FIA Card

Services, NA ("FIA").[1]  In short, Schroeder alleges FIA reported inaccurate credit

card account information to three national credit agencies, which violated the

FCRA and had an adverse impact upon her credit rating.

---

[1] The Defendant states that FIA Card Services, N.A. should be the defendant
and not Bank of America, LLC.  Because this issue has not been fleshed out by the
parties, the Court will refer to the Defendant as FIA.

1

The matter is presently before the Court upon FIA's Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss for failure to state a claim under 15 U.S.C. § 1681s-2(b).[2]  For the reasons detailed below, FIA's motion to dismiss Schroeder's claim for false-reporting under 15 U.S.C. § 1681s-2(b) should be denied.

## II.    Background and Procedural History

The allegations of Schroeder's complaint refer both to the "alleged account" and "alleged accounts" but contain no identifying account numbers.  In filing its motion to dismiss, FIA interpreted Schroeder's allegations as pertaining to the credit card account for which it obtained a judgment against Schroeder in the Montana Eleventh Judicial District Court.   Consequently, in seeking dismissal of Schroeder's false-reporting claim, FIA argued that she is collaterally estopped by the state court judgment from seeking relief in this action under the FCRA.

---

[2]  Schroeder's complaint also asserted claims under 15 U.S.C. § 1681s-2(a) and the Montana Consumer Protection Act, Mont. Code Ann. §§ 30-14-101 et. seq.  As to the first of these two claims, Schroeder concedes the claim should be dismissed because no private right of action exists under 15 U.S.C. § 1681s-2(a). *See Gorman v. Wolpoff & Abramson*, *LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). As to her claim under the Montana Consumer Protection Act, Schroeder advised the Court in her Preliminary Pretrial Statement that that claim could be dismissed.  Consequently, Bank of America's motion to dismiss as to these claims is properly granted.

On January 14, 2013, Schroeder filed both her response to FIA's motion to dismiss and her Preliminary Pretrial Statement. Dkt. 18 & 21. Again, in neither of these documents did Schroeder refer to the disputed account or accounts by number. In her Preliminary Pretrial Statement, Schroeder did clarify that her credit reports, as she sees it, reflected that she had two credit card accounts with FIA when, according to Schroeder, she had only one. Dkt. 19, at 1-2.

On January 22, 2013, the Court convened a preliminary pretrial conference in accordance with Federal Rule of Civil Procedure 16(c). At the conference, the Court inquired of Schroeder whether she could admit and agree to the following two facts that FIA had proposed in its Preliminary Pretrial Statement:

(1) Plaintiff opened the credit card account at issue and is liable for the underlying debt;

(2) A judgment was obtained in Flathead County in connection with the credit card account at issue on May 2, 2011, in the amount of $13,438.87.

Schroeder advised the Court that she did agree with the two proposed stipulated facts. And, in accordance with Federal Rule of Civil Procedure 16(c)(2)(C), the Court incorporated these two stipulated facts into the scheduling order entered on January 22, 2013.

Thereafter, on January 29, 2013, FIA filed its reply in support of its motion to dismiss. Based upon the two referenced stipulated facts, FIA argued that it was beyond dispute that FIA's reporting of the past due balance on Schroeder's "account" is accurate and her FCRA claim under § 1681s-2(b) fails as a matter of law. Dkt. 28, at 1-2. Again, FIA never identified, by number, the credit card account to which the state court judgment pertained.

In response, Schroeder filed a document titled "Sworn Objection to Court Orders [sic] Stipulation of Fact." Dkt. 30. By way of her objection, Schroeder advised the Court that she was confused at the Rule 16 preliminary pretrial conference and mistakenly agreed to the two referenced stipulated facts. She further explained that the "legitimate" FIA account for which judgment was entered in the state court is that account beginning in numbers 4427. Schroeder further explained that her credit report also identified an FIA account beginning in the numbers 4888, and it is the reporting of the 4888 account by FIA that was false. Finally, Schroeder advised the Court that she does admit to the following two facts:

(1)     She opened a credit card account [beginning in 4427] with Bank of America and is liable for the underlying debt;

(2)     A judgment was obtained in [the Eleventh Judicial District Court, Flathead County, Montana] in connection with the credit card account

4

[beginning in numbers 4427], on May 2, 2011, in the amount of
$13,438.87.

Dkt. 30, at 2-3.

In response to Schroeder's assertion that the basis of her FCRA claim is that

FIA erroneously reported the existence of a second credit card account beginning

with the numbers 4888, FIA states, through counsel, that "[i]n reality, the credit

card account beginning with numbers – 4888 is the same account beginning with

number – 4227." Dkt. 31, at 3.  Based upon this statement by counsel, FIA asserts

Schroeder's FCRA claim fails in light of Schroder's admission that she is liable

for the underlying debt upon which the state court judgment is predicated.

## III.   Analysis

A Federal Rule of Civil Procedure Rule 12(b)(6) motion tests the legal

sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A

dismissal for failure to state a claim under Rule 12(b)(6) is proper only if there is a

"lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory."  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th

Cir. 2011)(*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

1988).  In considering a Rule 12(b)(6) motion to dismiss, all well pleaded

allegations of material fact in the complaint are accepted as true and construed in a

light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins.Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint. *Daniels-Hall v. National Education Assoc.*, 629 F.3d 992, 998 (9th Cir. 2010). But the court "may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall*, 629 F.3d at 998 (citations omitted).

A pleader's statements made for the first time in a legal memorandum or brief are generally not considered in resolving a motion to dismiss for failure to state a claim. *See e.g., Frederico v. Home Depot,* 507 F.3d 188, 201-02 (3rd Cir. 2007). But a pleader's memorandum or brief can be used to "clarify" allegations of the pleading. *See Pegram v. Herdrich*, 530 U.S. 211, 229 (2000).

Schroeder's complaint, construed liberally, alleges a claim under 15 U.S.C. § 1681s-2(b) based upon FHI's reporting of erroneous information to three national credit agencies. Taken as true, these allegations state a claim upon which relief can be granted. The "Sworn Objection" filed by Schroeder clarifies that her allegation of false information is based upon the appearance in her credit report of

6

a second credit card account beginning in numbers 4888, for which she claims no responsibility.

As it stands, FHI does not argue that erroneously reporting to a credit agency that an individual is delinquent on a credit card account that, in actuality, does not belong to that individual, fails to state a claim under the FCRA.  Rather, FIA is only arguing that no claim is stated under the FCRA because the purported credit card account beginning in numbers 4888 is the same as the credit card account beginning in numbers 4427 which Schroeder has acknowledged is legitimate.  But the FIA's argument is supported only by the statement of FIA's counsel that the two are one and the same.  Counsel's statement, however, is not evidence and cannot be considered in resolving FIA's Rule 12(b)(6) motion.

It may be that FIA will ultimatley present evidence supporting that assertion in the context of a summary judgment motion.  But based upon the record currently before the Court, the FIA has failed to sustain its burden on its 12(b)(6) motion as it pertains to Schroeder's claim under 15 U.S.C. § 1681s-2(b). Accordingly,

IT IS RECOMMENDED that the Motion to Dismiss be GRANTED with respect to the Montana Consumer Protection Act claim and the claim under 15

U.S.C. § 1681s-2(a) but DENIED with respect to the claim under 15 U.S.C. §
1681s-2(b).

DATED this 4th day of March, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge